# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BRUNO NOLTE; CAROL MUCINSKI; AND DOES I THROUGH X, INCLUSIVE,<br><br>    Defendants. | Case No. 2:11-cv-00865-KJD-PAL<br><br>**ORDER** |

    Presently before the Court is the Motion for Summary Judgment (#17) of Plaintiff Allstate Insurance Company. Defendant Carol Mucinski filed a response in opposition (#19) to which Allstate replied (#21). Defendant Mucinski has also filed a Motion to Dismiss (#20) to which Allstate filed a response in opposition (#22).

I. Background

    On April 11, 2009, Carol Mucinski got into an argument with her neighbor Bruno Nolte on the sidewalk in front of Nolte's home. Nolte, who is a co-defendant in this action, punched or

pushed Mucinski in such a way that she fell backward and hit her head on the sidewalk. The fall rendered Mucinski unconscious and she was transported to St. Rose Hospital. Mucinski was diagnosed with hematoma, a fractured eye socket, and head contusion as a result of her fall. Mucinski subsequently filed a criminal complaint against Nolte in state court. Nolte pled guilty to the charge of "battery with substantial bodily harm."

Mucinski also filed a civil case (the "underlying action") and is suing Nolte for $165,000 for injuries arising out of the assault. At the time of the assault, Allstate insured Nolte under a Deluxe Plus Homeowers Policy (the "Policy") for personal injury with limits of $100,000 for each accident. The Policy states that Allstate will "not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person." Allstate has been defending Nolte in the underlying action.

On May 27, 2011, Allstate filed a this action seeking declaratory relief under the federal and state Declaratory Judgment Acts (28 U.S.C. § 2201, F.R.C.P. 57 and N.R.S. Chapter 30). Allstate has moved for summary judgment, and argues that under the plain language of the Policy, there is no coverage available to Nolte because the Mucinski's injuries were caused by the intentional or criminal action of Nolte. Mucinski has filed a motion to dismiss this declaratory action for lack of federal jurisdiction. For the reason discussed below, Mucinski's Motion to Dismiss is denied and Allstate's Motion for Summary Judgment is granted.

II. Discussion

A. Motion to Dismiss for Lack of Jurisdiction

To establish subject matter jurisdiction based on diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. <u>Theis Research, Inc. v. Brown & Bain</u>, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages

recoverable based on plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. Meisel v. Allstate Indem. Co., 357 F.Supp. 2d 1222, 1225 (citing Hunt v. Wash. State Apple. Adver. Comm'n, 432 U.S. 333, 347–48 (1977)).

Mucinski alleges that this Court lacks diversity jurisdiction because the underlying action against Nolte in state court is between two citizens of the State of Nevada. However, the citizenship of the parties in the underlying state case is immaterial to the Court's jurisdiction here. This action is a declaratory action about a relationship between citizens of different states based on an insurance policy. Although Nolte and Mucinski are joined as a parties here, their mutual presence does not defeat diversity. Allstate is a corporation incorporated in the State of Illinois and has its principal place of business in the State of Illinois. Nolte and Mucinski are both citizens of the State of Nevada. The diversity of citizenship requirement is met.

Further, Mucinski argues that the Court should divest itself of jurisdiction because "there has been no finding to support" a claim of damages in excess of $75,000. Yet in the underlying action, Mucinski seeks damages of $165,000 for her injuries. It is disingenuous and self-serving for Mucinski to assert in her Complaint that her damages exceed $75,000 while simultaneously arguing that the amount in controversy requirement has not been met. The Court rejects this argument and the Motion to Dismiss for lack of jurisdiction is denied.

B. Declaratory Relief

Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.,* the Court has discretion, but is not obligated to entertain declaratory relief actions that are otherwise properly before the Court. The Declaratory Judgment Act has repeatedly been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952); see also Green v. Mansour, 474 U.S. 64, 72, (1985); Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95, n. 17 (1993). Even where the case is appropriately before the court, the Declaratory Judgment Act is "'deliberately cast in terms of

permissive, rather than mandatory, authority.'" Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223, (9th Cir.1998) (quoting Wycoff Co., 344 U.S. at 250).

In exercising authority under the Declaratory Judgment Act, the Court "should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. (citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Court should also consider whether the declaratory action will settle all aspects of the controversy, whether the declaratory judgment will serve a useful purpose, and potential for entanglement with state courts. Id.

In the present case, Allstate seeks a determination of whether it is required to continue defending Nolte in the underlying state court action. Exercise of jurisdiction is proper because there is no needless determination of state law in this case. The underlying case is about interpretation of the language of an insurance policy and it is well established that Federal courts may properly exercise jurisdiction in cases such as this. Fireman's Fund Ins. Co. V. National Bank of Cooperatives, 103 F.3d 888 (9th Cir. 1996). Further, there is no evidence of forum shopping in this case. The case was filed in federal court because there is diversity among the parties. Because this case relates only to Allstate's responsibilities to Nolte, this is not a case of duplicative litigation since the question of insurance coverage will not be addressed in the underlying litigation. Finally, resolution of this issue will settle all aspects of the controversy between Allstate and Defendants, will serve a useful purpose, and presents little risk of entanglement with state courts. Accordingly, this case is properly before the Court pursuant to the Declaratory Judgment Act.

C. Legal Standard for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery, and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330

(1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties" differing versions of the truth at trial.'" Aydin Corp. v. Loral Corp., 718 F.2d 897, 902 (9th Cir. 1983) (quoting First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fishbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986).

### D. Policy Coverage

Under Nevada law, an insurer must defend any suit brought against its insured that potentially seeks damages within the coverage of the policy. Rockwood Ins. Co. v. Federated Capital Corp., 694 F.Supp. 772, 776 (D.Nev. 1988). Further, "[i]f facts are alleged which, if proven, would give rise to the duty to indemnify, then the insurer must defend. It is immaterial whether the claim asserted is false, fraudulent, or unprovable. The potentiality of covered liability is the test." *Id.* "Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy." United National Ins. Co. v. Frontier Ins. Co., 120 Nev. 678, 99 P.3d 1153, 1158 (2004).

Under the Policy, Allstate provides coverage for bodily injury or property damage caused by an "occurrence." The policy defines an "occurrence" as an "accident ... resulting in bodily injury or property damage." In construing a similar insurance policy, the Nevada Supreme Court defined the term "accident" as "a happening that is not expected, foreseen, or intended." Beckwith v. State Farm Fire and Cas. Co., 120 Nev. 23, 83 P.3d 275, 276 (2004) (holding that a homeowner's insurance

policy provided no liability coverage for insured's voluntary act of striking victim in face because of the intentional acts exclusion clause in the policy). Here the Policy states:

> "We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person.  This exclusion applies even if (a) such insured person lacks the mental capacity to govern his or her conduct; (b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; (c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected."  (Dkt #17).

In Capitol Indemnity Corp. v. Wright, 341 F.Supp.2d 1152, 1157 (D.Nev.2004), an intentional and criminal acts exclusion clause in a similarly worded insurance policy barred coverage for the fraudulent actions of a nursing home employee with respect to a patient because the "acts were based on intentional conduct and [therefore were] not an 'occurrence' as defined in the Policy."

The Complaint in the underlying case alleges that Mucinski's injuries were caused by Nolte's physical assault on her.  Nolte's conviction indisputably renders his actions criminal and there is no dispute of fact that Mucinski's injuries were the reasonably expected result of his conduct. See Allstate Ins. Co. v. Foster,  693 F.Supp. 886, 888 (D.Nev.,1988) ("the phrase 'damage which may reasonably be expected to result' plainly and unambiguously refers to the expectations of a reasonable person."). This alone is enough to trigger the criminal acts exclusion of the policy. See Allstate Ins. Co. v. Bruttig, 2006 WL 3248393, 3 (D.Nev. 2006) ("The fact that [the insured] was convicted of a criminal offense triggers the exclusion clause and bars coverage.").

Further, the facts of the claim as asserted by Plaintiff, if proven, demonstrate that Nolte's actions constitute an intentional tort. Mucisnki's Complaint purports to seek recovery from Nolte based on negligence, but contains no facts showing "a happening that is not expected, foreseen, or intended" that would constitute an accident under the Policy,  If the allegations of the Complaint are proven, they would demonstrate that but for Nolte's intentional assault on Mucinski, she would not have been injured. Accordingly, there is no potential for coverage based on negligence. Comparison of the Complaint with the unambiguous language of the Policy demonstrates that Allstate has no duty to defend or indemnify Nolte since the incident was a result of intentional or criminal acts

specifically excluded by the Policy. Accordingly, Allstate's motion for Summary Judgment is granted.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#20) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Plaintiff's Motion for Summary Judgment (#17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Allstate.

DATED this 9th day of July 2012

_____
Kent J. Dawson
United States District Judge